UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

LYDIA BYRD                                                                                              PLAINTIFF

VERSUS                                                         CIVIL ACTION NO. 1:09CV483-LG-RHW

STONE COUNTY, MISSISSIPPI et al                                                      DEFENDANTS

## PROPOSED FINDINGS OF FACT AND RECOMMENDATION

This matter came before the undersigned *sua sponte*. Plaintiff, while represented by LaQuetta Golden as attorney of record, filed a 42 U.S.C. § 1983 civil rights complaint alleging that Defendants failed to protect Plaintiff from assault and physical attack and that Defendants subjected her to false arrest and false imprisonment. The complaint was filed on July 17, 2009. The Court later terminated Golden as attorney of record based on revocation of her license to practice law. On December 15, 2009, the Court entered an [5] Order staying the case for a period of 30 days to allow Plaintiff to obtain substitute counsel. Plaintiff entered a [10] Notice of Change of Address, which prompted the Court on February 1, 2010 to enter an [11] Order for Extension of Time until March 3, 2010, for Plaintiff to retain counsel or to advise the Court in writing of her intention to proceed pro se. The Court cautioned Plaintiff that her failure to retain substitute counsel or to advise the Court in writing of her intention to proceed pro se within the time allowed may result in her case being dismissed for failure to prosecute. On March 2, 2010, Plaintiff filed a [12] Motion for Extension of Time to Obtain Counsel. In an [13] Order dated March 3, 2010, the Court granted this motion and allowed Plaintiff until March 23, 2003, to obtain substitute counsel or to advise the Court in writing of her intention to proceed pro se. The Court again advised Plaintiff that her failure to comply with this Order may result in her case

being dismissed for failure to prosecute.

Plaintiff's deadline of March 23, 2010, has now expired by almost two months. Plaintiff has not retained substitute counsel nor has she announced her intention to proceed pro se. In fact, there is no indication in the docket that Plaintiff has conducted any further activity to prosecute this lawsuit. The undersigned finds that Plaintiff's failure to comply with the [13] Order of March 3, 2010, and her silence demonstrates a lack of interest in pursuing this prosecution further.

## RECOMMENDATION

Based on the foregoing, the undersigned recommends that Plaintiff's complaint be dismissed without prejudice for failure to prosecute.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy unless the time period is modified by the District Court. A party filing objections must specifically identify those findings, conclusions and recommendations to which objections are being made; the District Court need not consider frivolous, conclusive or general objections. Such party shall file the objections with the Clerk of the Court and serve the objections on the District Judge and on all other parties. A party's failure to file such objections to the proposed findings, conclusions and recommendation contained in this report shall bar that party from a de novo determination by the District Court. Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from

attacking on appeal the proposed **factual findings and legal conclusions** that have been accepted by the district court and for which there is no written objection. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

SO ORDERED, this the 19th day of May, 2010.

s/ *Robert H. Walker*
UNITED STATES MAGISTRATE JUDGE